## STATE v. J. POPULUS, f. m. c.

In *all* criminal cases the separation of the jury, though by leave of the court and with the consent of the accused and his counsel, will vitiate the verdict if such separation take place after the evidence has been closed and the charge given.

APPEAL from the District Court of Rapides, *O. N. Ogden*, J.
*C. N. Hines*, District Attorney, for the State.   *J. C. Manning*, for defendant and appellant.

COLE, J.   The defendant was indicted for wounding, with a dangerous weapon, with intent to kill.

He was convicted and sentenced to the penitentiary for twelve months.

He relies for a reversal of the judgment on the ground, "That the jury separated after they had received the charge of the court, and before they had agreed upon and rendered their verdict." It appears from the record, that they were permitted to separate from the adjournment of the court, on May 11, until the next morning, when they rendered their virdict.

We consider this objection fatal.

In the case of the *State* v. *Hornsby*, 8 Rob. 554, and in that of the *State* v. *Desmond* and *E. & O. Connor*, 5 A. p. 399, it has been decided that in capital cases, a separation of the jury, with or without the consent of the prisoner, after the jurors have been sworn, is fatal to the regularity of the proceedings of the lower court, and entitles the accused to relief. We think that in cases not capital, the lower court has the right in its discretion to permit a separation of the jury, after they are empannelled, and *before* they receive the charge of the court.

We are of the opinion, that in all criminal cases, capital and otherwise, no separation of the jury, *after they have received the charge of the court*, can be allowed, and that such separation will vitiate the verdict.

In the case of the *State* v. *Hornsby*, the court say:

"In cases *not* capital, courts may, in their discretion, permit the jury to disperse until after they have received the charge of the court; but they should not be permitted to separate after the charge has been given. In *these* cases, misconduct on the part of the jury, will set aside their verdict; in capital cases, upon a separation, misconduct and abuse will always be presumed."

In "The *State* v. *Crosby et al*," 4 A. 435, the court say: "It is only in capital cases that jurors are not permitted to separate after being sworn. In cases not capital, it is discretionary with the Judge to permit them to disperse, *until* he has delivered to them his charge."

The uniform practice in the United States, appears to be not to permit the jury to separate in a criminal suit, *after the case is given them in charge by the court*, without consent of counsel.

This practice would not have been so generally adopted unless it had been deemed necessary for a just protection of the rights of the State and of the accused.

Before the testimony is concluded and the charge given to the jury, it may not be so necessary, in a case not capital, to prevent the jury from separating; for it is not yet known whether the verdict will probably be for or against the prisoner, and it is not so likely that improper influence will be exercised upon the minds of the jurors.

It is entirely different when the testimony is closed, and the charge of the court is given, for then the probable guilt or innocence of the prisoner appears, and the nature of the verdict can be predicted almost with certainty.

We do not think that the consent of the prisoner, or of his counsel, ought to suffice to permit the separation.

In capital cases it has been decided by this court, that the consent of the prisoner or his counsel cannot authorize it, so as to render the verdict valid; the reason given is that the prisoner may be really unwilling to permit the jury to separate, but may consent; fearing that his refusal may prejudice the jury against him.

The same reason exists with as much force in cases not capital, and therefore the same rule ought to obtain.

This court has also expressed its opinion, that even in cases not capital, the jury ought not to be permitted to separate after the charge is given to them.

We are of opinion that a separation of the jury in all criminal cases after the evidence is closed, and the charge has been given to the jury, and before a verdict has been rendered, vitiates the verdict.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury and the judgment of the lower court, in this case, be avoided and reversed.

It is further ordered, adjudged and decreed, that a new trial be granted appellant, and that this cause be remanded to the lower court to be proceeded with according to law.