People v. Symonds.

## PEOPLE v. SYMONDS.

Upon a challenge to a juror, in a capital case, for implied bias, he stated that he had formed an opinion as to the guilt or innocence of the defendant, but that it was not an unqualified opinion, and was rather in the nature of an impression than any fixed conclusion: held, that the challenge was properly overruled.

The mere fact that the jury in a criminal case separate without permission of the Court, does not require that a new trial should be granted. The presumption that the jury may have been subject to improper influences which attaches to the fact of such separation may be removed by an affirmative showing that no injury to the defendant resulted therefrom.

A new trial will not be granted because some of the jurymen, in a criminal case, may have conversed with third persons while deliberating upon their verdict, if it be shown that such conversations were innocent.

Upon trial under an indictment for murder, it is no ground of objection to a witness being sworn and examined for the prosecution, that his name was not indorsed upon the indictment.

The objection, that the names of the witnesses examined before the grand jury are not indorsed upon the indictment, can only be made available to the defendant by a motion to set the indictment aside.

On application by a defendant to postpone a trial, on the ground of surprise, at the introduction of a witness whose name is not indorsed upon the indictment, must, when made, be supported by an affidavit or other evidence or suggestion showing the surprise, in the absence of which it should be denied.

APPEAL from the Sixth Judicial District.

The facts are stated in the opinion of the Court.

*J. W. Coffroth* and *Geo. R. Moore*, for Appellant.

I.   The examination of the juror Tutt, showed that he was wholly incompetent to act in the case, and the challenge should have been sustained.

The defendant was certainly entitled to a fair and impartial trial, and this he could not have, unless he had an unprejudiced jury to try the charges against him.   A juror who had made up his mind could not be considered impartial.

In the case of *The People* v. *Reyes* (5 Cal. 349) this question arose and was very fully considered by the Court.   The Court said : " Wherever the right of trial by jury exists, the law, in all cases contemplates that each and every person who sits in a cause, shall have a mind utterly free from all bias or prejudice, of any kind whatever.   If the juror is prejudiced in any manner, he is not a fit person to sit in the box."

In the case of *The People* v. *Gehr* (8 Cal. 361) the Court said: "A challenge for cause is warranted, when the juror on his *voir dire* states that it would require proof to change the opinion then existing in his mind.   The fact that the juror further said that he could try the cause impartially was entitled to no consideration ; few men will admit that they have not sufficient regard for truth and justice to act impartially in any matter, however much they may feel in regard to it, and every day's experience teaches us that no reliance is to be placed on such a declaration."

II.   The jury was allowed to separate without the permission of the Court.

About this point there can be no controversy. It is distinctly proved by the affidavits. As this question has been several times considered by this Court, and lately, very fully, in the case of *The People* v. *Brannigan*, we do not propose to make any argument to sustain it. The facts upon this point so clearly shown by the affidavits referred to, when squared by the law laid down in the Brannigan case, settle this point beyond a doubt.

III.    Sec. 232 of the Criminal Practice Act (Wood's Digest, 288) requires the names of all the witnesses who are to be examined on the trial, for the prosecution, to be indorsed upon the indictment.

This law is intended for the protection of the defendant. If the names of all the witnesses for the State are upon the indictment, the defendant has an opportunity of knowing what he has to meet. If the witnesses are not truthful, he can take the necessary steps to impeach them ; but if they are forced upon him, without a moment's notice, he has no opportunity of showing their character, or rebutting or contradicting their testimony. If the Court was justified in overruling the defendant's objection to the witness testifying, it most certainly should have granted a continuance, on the defendant's motion and on his affidavit of surprise.

In the case of *The People* v. *Freeland* (6 Cal. 98) the Court said : " I understand the rule to be, that any witness may be introduced upon the trial by consent of the Court, notwithstanding he was not before the grand jury, subject only to the right of the prisoner to a postponement, in case such evidence should operate as a surprise upon him." This application is within the rule as thus stated.

*Thos. H. Williams*, for Respondent.

Norton, J. delivered the opinion of the Court—Cope, C. J. and Crocker, J. concurring.

The defendant was convicted of the crime of murder in the first degree, from which judgment he has appealed, and assigns three causes of error :

1st. Error in denying the defendant's challenge for cause to the juror John A. Tutt.

The ground of this challenge, though not specifically stated in the challenge, is claimed to be implied bias, as shown by the answers of the juror when questioned.   After the juror had stated that he did not remember to have read the proceedings on a former trial, though he might have read a portion, that he had not conversed with the witnesses, but had with outsiders, the questions and answers are as follows :   Question—Have .you an opinion as to the guilt or innocence of the defendant ?   Answer—I have.   Q.—Is that a fixed, unalterable opinion ?   A.—No, sir ; it is not.   Q.—Would it require testimony to remove the opinion you now have ?   A.—I do not know how to answer the question ; that is, of course, without any evidence at all I would consider him innocent; in the impression I have yet upon my mind, I do not know that it would.   It might, though.   I hardly know how to answer the question.   Q.—Is the opinion you have an unqualified opinion ?   A.—No, sir ; it is more an impression with me than an opinion.   I do not remember the evidence in the case.

The statute requires that an opinion which shall constitute implied bias shall be " an unqualified opinion or belief that the prisoner is guilty or not guilty of the offense charged."   The difference between an opinion and an unqualified opinion or belief is not very broad, and sometimes not recognized by a juror.   It is very proper by other questions to ascertain whether in fact the opinion is an unqualified one or is dependent upon the truth of facts or rumors which the juror may have heard, or whether it is merely an impression.   In the case of the *People* v. *Reynolds* (16 Cal. 128), the Court say :   " The effect upon his mind must be more than an impression ; it must amount to a conviction in order to exclude him for implied bias."   " The shades of distinction between opinion and impression may not always be easily discriminated, even by the juror himself; but the statute has drawn the distinction, and in a great majority of instances the juror may be made to comprehend it."   In the present case, after the juror had stated that he had formed an opinion but that it was not a fixed, unalterable opinion, questions were put to him for the purpose of ascertaining more clearly the character of this opinion, after which the juror says it is not an unqualified opinion, that it is more an impression than an

opinion.    The result of the juror's statement therefore is, that he had not formed an unqualified opinion, but only an impression as to the guilt or innocence of the prisoner, and if the condition of this juror's mind should be judged from his whole answers, without refer-ence to the exact test prescribed by the statute, it is clear that it was unbiased and free to try the prisoner upon the evidence that should be adduced.    There was, therefore, no error in the ruling of the Court upon this point.

2d.    Error in overruling motion for a new trial, made upon the ground that the jury were allowed to separate without the permission of the Court.

The mere fact that a jury thus separate is not a reason for granting a new trial.    The fact that jurors have been so situated that they may have been tampered with is the reason why such a separation unexplained is held a sufficient ground for setting aside their verdict.    Accordingly, in the case of the *People* v. *Brannigan* (21 Cal. 337), this Court decided, that when the accused proved the fact of a separation under such circumstanc s as that the jury might have been tampered with, he was not requi 1 to show that in fact they were so tampered with, but was entitl ~ a new trial in the absence of any proof explaining the separation or showing that no injury to the accused resulted from it.    The opinion, however, distinctly indicates that if such explanatory proof had been made, the mere fact of separation would not have occasioned a new trial.    In the case before us the evidence of the separation is contained in the affidavits of two persons, O'Connor and Penny.    It is questionable whether the facts stated by the former show a separation.    His statement is that he saw the jury walking on the platform of the St. George Hotel, and that a portion of said jurors were separate and apart from the others of said jurors.    The same thing might be said of them if they had been confined in a room by themselves. Penny says he saw the jury separate and apart, and without the keeping of the Sheriff.    This, too, is equivocal, and rather means that the Sheriff had left the jury together and absented himself, than that the jurors had separated one from another.    He, however, states that one of the jurors came by himself to the store in which the witness was engaged and had a conversation with him.    This

shows a separation and only leaves a question whether the accused by presenting an affidavit, stating what took place in part, to wit, that the witness had a conversation with the juror, but not stating the character of the conversation, does not impliedly admit that the conversation was harmless and that the separation caused him no injury. But it is not necessary to consider critically the effect of these affidavits as it might have been if they had stood alone, because the prosecution assumed the burden of showing that no injury resulted to the accused, from the facts set forth in the affidavits. The testimony of the juror who had the conversation with Penny is that he was taken sick and went to a water closet, and in returning passed through the store where Penny was and had a few words of conversation with Penny's employer, and perhaps with him, but it was of an entirely innocent character. The testimony of Penny, and also that of the Sheriff, who had the jury in charge, and that of several of the jurors, was produced by the prosecution. It is voluminous, and it is unnecessary here to recapitulate it. It is sufficient to say that it shows fully that the jury were not subjected to any improper influences and that the accused suffered no injury from the separation.

Connected with this point in the motion for a new trial is an allegation that the jury were allowed to converse with various persons. This irregularity is not urged in the brief on which the case is submitted, and doubtless for the reason that the explanatory evidence produced by the prosecution shows that it was harmless. In this respect the case is within the rule stated in the case of the *People* v. *Boggs* (20 Cal. 432).

From these considerations it appears that there was no error in the ruling of the Court upon the second point.

3d. Error in allowing a witness to testify whose name was not inserted at the foot of, or indorsed on, the indictment; and also in overruling the defendant's motion for a continuance, on the ground of surprise.

Where the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment, or indorsed thereon, the indictment may be set aside on the defendant's motion. If this motion is not made, the defendant is precluded from after-

wards taking the objection. (Act to regulate Proceedings in Criminal Cases, Secs. 277, 278, 280–282.) In the case of the *People* v. *Freeland* (6 Cal. 96), it was decided that this objection was unavailable when taken in a subsequent stage of the case. The case of the *People* v. *Lawrence* (21 Cal. 368), is to the same effect. It is not an objection to the witness being sworn on the trial.

In the case of the *People* v. *Freeland* it is said that such a witness may be introduced, subject only to the right of the prisoner to a postponement in case such evidence should operate as a surprise upon him. This remark was not necessary to the decision of that case, as it does not appear that there was any motion made for a postponement. But whatever may be its authority, it does not decide that a postponement in such a case is a matter of right upon the mere allegation of surprise. If that were so, then the objection that the name did not appear on the indictment could be made at a time subsequent to the time for making a motion to set aside the indictment, notwithstanding the provisions of Sec. 280, above cited. In such case, as on any other motion for a postponement on the ground of surprise, it cannot be error to refuse the motion if no affidavit or other evidence is given, or reason suggested, to satisfy the Court that the defendant is in fact surprised by the evidence. In this case no affidavit or other evidence was introduced when the motion was made. An affidavit of the defendant that he was surprised by the decision of the Court in admitting the testimony and in denying the motion for a postponement, was filed when the motion for a new trial was made. But this cannot be made available to show that the Court erred in denying the motion for a postponement upon the facts and evidence before it at the time the ruling was made.

There was, therefore, no error in the ruling of the Court upon the third point.

Upon a review of the whole case we find no error or irregularity which entitles the defendant to a new trial.

The judgment is affirmed and the Court below is directed to fix a time for carrying it into execution.

On petition for rehearing, NORTON, J. delivered the following opinion—the other Justices concurring:

People *v.* Symonds.

A petition for a rehearing is made in this case on two grounds.

1st. That the Court in its opinion did not speak of the affidavit of C. H. George in considering the point as to the separation of the jury, and the petition asserts that he testified to something material which was not stated in the affidavits of the other two witnesses.

The affidavit of George was not specified because in it he not only stated nothing material which was not stated in the other affidavits, but in fact did not say that the jury were separated, or that any of them were at any time separate or apart from the others, which fact was directly stated in the other affidavits. The Court considered all the affidavits, and particularly specified those which contained not only everything material for the prisoner which was in the affidavit of George, but also some expressions in addition which had a more direct reference to the point raised.

This witness George was produced and examined on the motion for a new trial in regard to his affidavit and the facts it specified. Also, eleven of the twelve jurors were examined, as well as the two Sheriff's officers who had charge of the jury, and two other persons, to wit, Penny and Bidleman. The testimony of all these persons concurs in showing that no injury resulted to the prisoner from the facts alluded to in the affidavits.

2d. That the Court, in speaking of the application for a continuance on the ground of surprise by the introduction of the witness R. Snap, stated that no affidavit or other evidence of surprise was introduced when the motion was made, and the petition says that it appears by the record that the prisoner's counsel offered to make an affidavit if time was given to prepare it, when the prosecution considered the affidavit made, and to be filed as of that date.

We do not find anything to this effect in the record. On the contrary, in the minutes of the proceedings on the motion for a new trial, the Court is stated to have said, in speaking of the motion for a continuance : " It was for them to show the fact that they were taken by surprise ; they did not make the showing and I over-ruled it."

It also appears by the testimony of the Clerk of the Court that no affidavit was filed when the motion for a continuance was made, and that there is none on file. The only affidavit which can be

considered as applying to the matter in any way, and which is the one referred to in the petition for rehearing, is the one made by the prisoner some days after the trial, and which was used on the motion for a new trial. The effect of this affidavit we considered in our former opinion. It may be further said in regard to the testimony of the witness Snap, that it appears that this was a second trial, and that the same witness was examined on the former trial, and the prisoner therefore must have been informed of the testimony he could give, and that he would probably be again called on the second trial.

Rehearing denied.