[Crim. No. 20.   Department Two—January 21, 1896.]

## THE PEOPLE, RESPONDENT, *v.* E. G. HAWLEY, APPELLANT.

CRIMINAL LAW—BURGLARY—VIEW OF PREMISES AFTER SUBMISSION OF CAUSE—REQUEST OF DEFENDANT—DISCRETION.—The court has discretion, upon request of the defendant, to grant an order permitting the jury to view the premises at which a burglary was alleged to have been committed after the submission of the cause to the jury, where such request is made because of a statement that the jury were unable to agree without it.

ID.—CHANGE OF DEFENDANT'S ACTION—MOTION FOR DISCHARGE—INDIGNANT STATEMENTS OF JUDGE—INFLUENCE UPON JURY.—Where, after the statement of a juror that the jury were unable to agree without a view of the premises, defendant requested that a view might be had, and consented to a separation of the jury until morning for that purpose, at which time he moved for his discharge on account of the separation of the jury, which motion was denied, whereupon the judge made indignant statements to the jury about the change of defendant's action, and told them to retire for deliberation, five minutes after which they returned a verdict of guilty, the conclusion is justified that they were improperly influenced by the manner and statements of the judge, and that they inferred that the defendant did not really desire a view of the premises, and that such view would have added to the evidence of his guilt; and a new trial should be granted.

ID.—EFFECT OF SEPARATION OF JURY—CONSENT OF DEFENDANT NOT A WAIVER—DISCHARGE—NEW TRIAL.—After the jury have retired to deliberate upon their verdict, they must be kept together; and the court has no power to permit their separation, nor can the consent of the defendant or his counsel operate to empower or excuse the court in violating the express provisions of the statute; but such separation is not ground for a motion to discharge the defendant, though it is of itself, and without any showing of improper conduct on the part of the jury or any of them, during their separation, a sufficient ground for granting a new trial.

ID.—EVIDENCE—IMPEACHMENT OF DEFENDANT—DEPOSITION UPON PRE-
LIMINARY EXAMINATION.—The deposition of the defendant taken upon
his preliminary examination, properly certified by the shorthand
reporter, as required by the code, is admissible in evidence upon the
trial to impeach his testimony, his attention having been first called to
it; and the provision of section 686 of the Penal Code permitting such
deposition to be read upon the trial only where the witness is dead or
insane, or absent from the state, does not prevent its use to impeach a
witness who is present.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.   W. R. DAINGERFIELD, Judge.

*H. A. Massey,* and *Augustus Tilden,* for Appellant.

The admission of depositions of witnesses examined
in the police court is in the nature of an exception to the
constitutional guaranty that an accused shall be entitled
to be confronted with the witnesses against him; and is
*strictissimi juris.*   (*Williams* v. *Chadbourne,* 6 Cal. 559;
*People* v. *Morine,* 54 Cal. 575; *People* v. *Chung Ah Chue,*
57 Cal. 567; *People* v. *Mitchell,* 64 Cal. 85.)   The sep-
aration of the jury after their retirement and pend-
ing their deliberations without permission or consent
of the court or counsel, constitutes a *prima facie* case
of misconduct, to which the presumption of impro-
priety attaches by law, and appellant need not show
facts tending to establish improper influence; if the
separation was such that jurors might have been im-
properly influenced by others, the verdict should be set
aside.   (*People* v. *Backus,* 5 Cal. 276; *People* v. *Brannigan,*
21 Cal. 337; *People* v. *Thornton,* 74 Cal. 482.)   Allowing
the jury to disperse for the purpose of viewing the
premises after they had retired for deliberation, on
motion of the counsel for appellant, was fatally irregular.
(Pen. Code, sec. 1121; Thompson on Trials, 1910; *Mor-
row* v. *Commissioners,* 21 Kan. 484; *Lester* v. *Stanley,* 3
Day, 287; *Goodman* v. *Cotherington,* Sid. 235; *State* v.
*Populus,* 12 La. Ann. 710–12; *Woods* v. *State,* 43 Miss.
364; *Wiley* v. *State,* 1 Swan, 256; *Wesley* v. *State,* 11
Humph. 502; *Peiffer* v. *Commonwealth,* 15 Pa. St. 468; 53

Am. Dec. 605.)    Nor is it cured by defendant's acqui-
escence.    (*People* v. *Bush*, 68 Cal. 623, 632; *State* v. *Pop-
ulus, supra; Woods* v. *State, supra; Wesley* v. *State, supra;
Cantwell* v. *State*, 18 Ohio St. 477; *Bostock* v. *State*, 61
Ga. 635; *Peiffer* v. *Commonwealth, supra; People* v. *Shafer*,
1 Utah, 260; 1 Bishop's Criminal Procedure, sec. 998;
*Dempsey* v. *People*, 47 Ill. 323; Cooley's Constitutional
Limitations, 4th ed., 220, 393; *People* v. *M'Kay*, 18
Johns. 212–18; *Nomaque* v. *People*, Breese, 145; 12 Am.
Dec. 157; *Hill* v. *People*, 16 Mich. 351; *Wade* v. *State*, 12
Ga. 25; 2 Thompson on Trials, sec. 2613.)    A defendant
in a criminal case cannot waive his right to be tried at
every stage of the cause, before a court and full panel of
twelve jurors. (*People* v. *O'Neil*, 48 Cal. 257; *Cancemi* v.
*People*, 18 N. Y. 128, 138; *Territory* v. *Ah Wah*, 4 Mont.
149, 173; 47 Am. Rep. 341; *Hill* v. *People, supra; Hunt*
v. *State*, 61 Miss. 577; *Wilson* v. *State*, 16 Ark. 601;
*Brown* v. *State*, 16 Ind. 496; *Bell* v. *State*, 44 Ala. 393;
*State* v. *Mansfield*, 41 Mo. 470; *Williams* v. *State*, 12
Ohio St. 622; *Allen* v. *State*, 54 Ind. 461; *Neales* v. *State*,
10 Mo. 498; Proffatt on Jury Trials, sec. 113; 1 Trunk
Trials, sec. 6.)    Nor waive his right to be present upon
the trial and every stage of it, nor, what is the same
thing, that he be confronted with the witnesses against
him.    (*Maurer* v. *People*, 43 N. Y. 1; *Burley* v. *State*, 1
Neb. 391; *State* v. *Myrick*, 38 Kan. 238; *Hoyt* v. *Utah*,
110 U. S. 574; *Prine* v. *Commonwealth*, 18 Pa. St. 103;
*Smith* v. *People*, 8 Col. 457; *Jones* v. *State*, 26 Ohio St.
208; *Wade* v. *State, supra; Jackson* v. *Commonwealth*, 19
Gratt. 656; *Green* v. *People*, 3 Col. 68; *State* v. *Greer*, 22
W. Va. 800; *Sylvester* v. *State*, 71 Ala. 17.)

*W. F. Fitzgerald, Attorney General, Charles H. Jackson,
Deputy Attorney General, William S. Barnes, District
Attorney*, for Respondent.

Section 1181 of the Penal Code forbids the granting
of a new trial for any cause except one of the seven
causes therein enumerated. (*People* v. *Fair*, 43 Cal.
146.)    It seems by that section a juror may separate

from the jury by leave of court. (*People* v. *Moore*, 41 Cal. 238; *People* v. *Backus*, 5 Cal. 275.) Separation, after retirement for deliberation, even without leave of court, is not of itself ground for reversal. (*People* v. *Bonney*, 19 Cal. 445; *People* v. *Brannigan*, 21 Cal. 337.) Separation during deliberation without permission of court is not necessarily injurious. (*People* v. *Symonds*, 22 Cal. 348.) The consent of a defendant's counsel to a separation after retirement, to meet the following morning, leaving a sealed verdict, cures the irregularity. (*People* v. *Kelly*, 46 Cal. 357; *People* v. *Taen Poi*, 86 Cal. 229, 230.)

HAYNES, C.—Upon the trial of this case the defendant was found guilty of burglary in the second degree, and was sentenced to imprisonment in the state prison at Folsom for the term of three years; and from that judgment and an order denying his motion for a new trial he appeals.

Before the evidence was concluded the defendant moved the court for an order permitting the jury to view the premises alleged to have been entered. This motion was denied after an expression from the jury as to their wishes, nine of the jury responding that they did not wish to view the premises, two expressing a desire to view them, and the twelfth juror remaining silent. Afterwards, the evidence having been concluded, the jury were instructed by the court, and retired in charge of an officer to consider their verdict. After several hours deliberation, at the request of a juror, the court directed that the jury be brought in; and, having reported that they had not agreed upon a verdict, the following proceedings were had:

"*The Court.* Gentlemen, I received a message from one of the jury with regard to viewing the premises. Do I understand that any of your number desire to view the premises before rendering a verdict?

"*A juror.* Yes, sir.

"*The Court.* The message that reached me was that
CXI. CAL.—6

an agreement could not be arrived at without viewing the premises.

"*A juror.* That is it. That is the way it stands now.

"*The Court.* I sent down to the premises and was informed that the lady in possession had gone to Sausalito, and will not be back until to-morrow morning, and the premises are locked up.

"*A juror.* It would be impossible to agree without seeing the premises, the way it stands now."

At this point a consultation was had between Mr. Massey, one of the attorneys for the defendant, and Messrs. Hosmer and Dunn for the prosecution, and the court, not in the hearing of the jury, which is essential to a clear understanding of the subsequent proceedings.

The following condensed statement of said consultation will be sufficient for that purpose. The court expressed a desire to grant a view of the premises, and Mr. Massey asked the court to do so. Mr. Hosmer protested that to do so, or to allow new evidence, or a separation of the jury, would be equivalent to an acquittal, whatever the verdict might be. The court suggested that if the defendant's attorney and the defendant personally would consent, a view might be had. It was then late in the evening, and the question arose whether the jury should be locked up all night, as a view could not be had until morning. The court was reluctant to lock them up under the circumstances, and Mr. Massey stated that he would consent to the separation, and that the defendant would also. The court said that with that understanding he would allow the jury to go home for the night and reassemble for a view next morning; and it was arranged that Mr. Massey should make a motion to that effect, the court being of the opinion that defendant's consent would cure the irregularity. The conference being ended, Mr. Massey moved that the jury be allowed to separate and meet again in the morning, and then visit the premises. Mr. Hosmer objected that it would operate as a dismissal of the charge, as it involved a constitutional right of the defendant. The

defendant, being asked, personally joined in the request made by his attorney, and the court granted the motion and gave the jury the usual admonition, and dismissed them until the next morning. No objection or exception was then taken by the defendant.

When court opened next morning the jury appeared and answered to their names. Mr. Massey then stated to the court, privately, that he disliked to do so, but his duty to his client compelled him to ask for a dismissal because of the separation of the jury. At this point Mr. Tilden, also counsel for defendant, entered the courtroom, and, being asked privately by the court, said he had advised the course stated by Mr. Massey. Thereupon the court grew indignant, and suggested that counsel were precluded from so contending; that the course proposed was self-stultifying and contemptuous; and, after a reply thereto by Mr. Tilden, the court turned angrily and abruptly from counsel, who thereupon took their seats.

The next proceeding took place within the hearing of the jury, as follows:

"*Mr. Massey.* If the court please, in this case I understand there was a virtual dismissal of it yesterday, and I ask that the defendant be discharged.

"*The Court.* Motion denied.

"*Mr. Massey.* Exception. The defendant objects to all further proceedings.

"*The Court.* Gentlemen of the jury: In your presence last evening the defendant and his counsel moved the court that you be sent to view the premises where the alleged burglary took place, and with that understanding, on his motion, you were excused until this morning. The defendant now prefers to move that all proceedings in this case be dismissed. The motion has been denied by the court, and you will now retire in charge of the bailiff to deliberate upon your verdict.

"The above was said in a tone of great indignation."

"*Mr. Massey.* I would like to say the defendant is perfectly willing they should go to view the premises.

"*The Court.* I cannot listen to you any further unless you have motions to make."

Further .colloquies occurred between the court and counsel while the jury were leaving the courtroom, and after they had retired.

After five minutes absence the jury returned with a verdict of guilty, and were then discharged. Thereupon counsel for defendant moved that all the proceedings be set aside as irregular, and the defendant be discharged. This motion was denied and defendant excepted.

It is clear that the judgment in this case must be reversed. The fact that after several hours deliberation the jury were unable to agree without having a view of the premises, and that without such view they returned a verdict the next morning after a deliberation of only five minutes, justifies the conclusion that they were affected by something aside from the evidence, all of which had been heard before their retirement the day before. Not only may they have been influenced by the manner of the court, but the statement that the defendant the evening before moved the court that they be sent to view the premises, but that "now he prefers to move for a dismissal of the case," together with the fact that they were not sent to view the premises, may be reasonably supposed to have led to the almost instantaneous agreement that the defendant was in fact guilty. They had not heard the colloquy between court and counsel, and doubtless inferred from the language of the court that the defendant had not at any time really desired to have them view the premises, and that such view would have added to the evidence of his guilt.

The defendant's motion for a discharge, based upon the proceedings had after the jury had retired to consider of their verdict resulting in their separation for the night, was properly denied.

No question is made by appellant based upon that part of the order of the court permitting a view of the premises after the case was submitted to the jury. Though such proceeding is an irregularity, I think it

was within the discretion of the court to grant it upon the request of the defendant. He had asked for such order at the proper time before the close of the evidence, and it was then denied, and was afterward asked for because of a statement by a juror that they were unable to agree without it. It was therefore presumably for the benefit of the defendant, and would have been nothing more than the exhibition of that which would elucidate the testimony of the witnesses already heard, and which the court, in the exercise of its discretion, had excluded. It was within the spirit of section 1138 of the Penal Code, which permits the jury, after they have retired for deliberation, if there be any disagreement between them as to the testimony, to be brought into court, and in such cases the practice is to have the reporter read such parts of the testimony as are involved in the disagreement. It was little, if anything, more than would have been the exhibition of a map which had been referred to in the evidence, but which had not been exhibited to the jury.

The separation of the jury, however, was unnecessary. Section 1136 of the Penal Code provides: " While the jury are kept together, either during the progress of the trial or after retirement for deliberation, they must be provided by the sheriff at the expense of the county with suitable and sufficient food and lodgings."

The separation of the jury after they are sworn, even during the trial, was never permitted at common law in cases of felony, and in many states is not now permitted in capital cases. Our statute permits such separation in all cases before the submission of the case, in the discretion of the court, but expressly provides that after retiring to deliberate upon their verdict, they must be kept together. (Pen. Code, sec. 1128.) The court, therefore, had no authority, either under the statute or at common law, to permit the separation, nor could the consent of the defendant or his counsel operate to empower or excuse the violation of an express provision of the statute.

In the state of Ohio the statute provided that " in the trial of felonies the jury shall not be permitted to separate after being sworn, until discharged by the court." In *Cantwell* v. *State*, 18 Ohio St. 477, 481, after the jury were sworn they were permitted to separate from Saturday until Monday, with the defendant's consent, and it was contended that he could not complain of the action of the court. The supreme court said: " It is to be observed that the language of the statute is imperative, and that no provision is made for exceptional cases, nor for any discretionary action in the matter by the court, either with or without the consent of the parties. The statutory prohibition was not left to be so easily annulled. It may be considered an established principle in this state, that the defendant cannot be prejudiced by his waiver of any statutory requisition in the prosecution of criminal offenses."

Without entering upon or deciding any question other than the one before us, we may briefly say that we approve what was said by that court (above quoted) when applied to the facts of this case.

The motion made by counsel for defendant for his discharge based upon the separation of the jury, was, however, properly denied. We are not referred to any case, nor do we find any, where such separation has been held to operate as an acquittal of the defendant, though it is of itself and without any showing of improper conduct on the part of the jury, or of any of them, during their separation, a sufficient ground for granting a new trial. The separation by leave of the court was not misconduct on the part of the jury, but a violation of an important and invariable rule existing at common law from the very inception of the jury system, as well as under the statute, and which has ever been regarded as important in securing the due administration of justice, and as a necessary safeguard against improper extraneous influences.

In *Parker* v. *State*, 18 Ohio St. 88, the jury were permitted by the court with the consent of defendant's

counsel to separate twice during their deliberations. The court said: "The plaintiff in error should not be prejudiced even by a personal consent given under circumstances when it could not be withheld except at the risk of exciting unkind feelings in the breasts of jurors who held his fate in their hands" (citing Bishop's Criminal Procedure, sec. 827); and it was held on this ground alone that a new trial should have been granted, and the judgment was reversed and a new trial ordered.

In *State* v. *Populus*, 12 La. Ann. 710, it was held that in all criminal cases the separation of the jury, though by leave of the court and with the consent of the accused and his counsel, will vitiate the verdict if such separation takes place after the evidence has been closed and the charge given.

In *Woods* v. *State*, 43 Miss. 364, it was held that the separation and dispersion of a jury in a capital case, though by the consent or even at the request of the prisoner on trial, vitiates a conviction; that where the jury were so exposed to intercourse with others that they "*might* have been subjected to corrupting or improper influences, that fact alone will nullify their verdict."

To the same effect is *Wiley* v. *State*, 1 Swan, 256, and *Wesley* v. *State*, 11 Humph. 502, in both of which new trials were ordered.

In *Peiffer* v. *Commonwealth*, 15 Pa. St. 468, 53 Am. Dec. 605, the jury after being impaneled and sworn were permitted to separate with the consent of the prisoner. Gibson, C. J., said: "Even the forms and usages of the law conduce to justice; but the common law, which forbids the separation of a jury in a capital case before they have been discharged of the prisoner, touches not matter of form, but matter of substance. It is not too much to say that if it were abolished few influential culprits would be convicted, and that few friendless ones, pursued by powerful prosecutors, would escape conviction. Jurors are open to persuasion as other men, and neither convenience nor economy ought to be consulted in order to guard them against it."

The court did not err in receiving in evidence the portion of the deposition of the defendant taken upon his preliminary examination to impeach his testimony given upon the trial relating to the same facts, his attention having been first called to it. The provision of the Penal Code (sec. 686) permitting such depositions to be read upon the trial only where the witness is dead, or insane, or absent from the state, does not apply to its use to impeach a witness who is present, the deposition being properly certified by the shorthand reporter as required by the code.

No other questions need be noticed.

The judgment and order appealed from should be reversed, and a new trial granted.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and a new trial granted.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.