THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MANUEL MELÉNDEZ BURGOS, Defendant and Appellant.

No. CR-64-131.    Decided June 30, 1964.

*Santos P. Amadeo* and *Guillermo Bird Martínez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *María Luisa B. Fuster, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: José Manuel Meléndez Burgos was prosecuted before the Superior Court, Humacao Part, for an offense of seduction. He was tried by a jury. He was convicted and sentenced to serve from one to three years' imprisonment in the penitentiary at hard labor. Pursuant to the terms of Act No. 259 of 1946 (Sess. Laws, p. 534), as amended, at his instance the sentence passed on November 8, 1963, was suspended. He appealed and assigned as only error that "the trial judge erred in permitting the jurors to separate, after giving the instructions and during deliberations, in violation of § 260 of the Code of Criminal Procedure, 34 L.P.R.A. § 739." This section provides:

"The jurors sworn to try an action may at any time before the submission of the cause to the jury, in the discretion of the court, be permitted to separate or be kept in charge of a proper officer. The officer must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to them or communicate with them, nor to do so himself, on any subject connected with the trial, and to return them into court at the next meeting thereof."

▪ After a study of the questions raised in this appeal, we conclude that under the specific concurring circumstances of this case[1] reversal of the judgment on appeal or the granting of a new trial does not lie.

---

[1] The incident referred to in the assignment of error, as it appears at pp. 67 and 68 of the transcript of the evidence, is as follows:

"THE COURT: Bring back the jury. (The jury returns.) Are you satisfied that the jury is the same and that it is complete?
DISTRICT ATTORNEY: We are satisfied.
DEFENSE: Satisfied, Your Honor.
THE COURT: Have the ladies and gentlemen of the jury agreed on a verdict?
THE JURY: No, sir.
THE COURT: In that case, you may go to lunch. Then we will come back at two in the afternoon. You must be accompanied by the marshal to

■ One of the grounds for granting a new trial, according to § 303 (3) of the Code of Criminal Procedure and also the present Rule 188 (d) (3) of the Rules of Criminal Procedure, is that the members of the jury, after retiring to deliberate, separate without leave of the court. However, both under § 304 of that Code and under the present Rule 189 (with the exception, as to the latter, of the case of death or incapacity of the stenographer, or of the loss or destruction of his notes), the motion for a new trial must be presented before judgment is rendered. In this case the verdict was brought on February 7, 1963, and judgment was rendered on November 8 of that year, so that a period of nine months elapsed between both dates without defendant having filed in court a motion for a new trial.[2]

lunch. During this time which . . .

A JUROR: Can I not go home for lunch?

THE COURT: No, the jury is together.

DEFENSE: Your Honor, if the colleague, the district attorney, will allow me, we would make no objection, we would not raise anything, if any member of the jury is permitted to go to lunch.

DISTRICT ATTORNEY: There is no objection.

THE COURT: Well, in that case, it's all right. You may go and also the other jurors may go and have lunch then.

DEFENSE: We will not raise anything and we waive that right; if any lady or gentleman of the jury wishes to go home, let them do it.

THE COURT: In that case, the others will go with the marshal, although it is not necessary.

DEFENSE: No.

DISTRICT ATTORNEY: No objection on my part.

DEFENSE: There is no objection.

THE COURT: If you wish, you can have lunch wherever you wish; you may go whenever and wherever you wish to lunch, namely, to your house or in El Veterano, where they serve lunch; and those from Humacao may go to their homes.

DEFENSE: We have no objection.

THE COURT: In that case, we will do it that way.

DEFENSE: At what hour do we meet?

THE COURT: At two in the afternoon. Recess until two in the afternoon."

[2] In 8 Cal. Jur. 385 it is said, among other things:

"The law requires that the jurors be kept together during their

The circumstances present in *People* v. *Warwee,* 246 P.2d 704 (1952), cited by appellant, decided by a District Court of Appeals of California, differ somewhat from those of his case. There the trial court, which had been the Superior Court of the County of Los Angeles, ordered motu proprio the separation of the jurors, after submitting the case for deliberation, until ten in the morning of the following day, without the defense or the district attorney having requested it. A verdict of guilty having been brought, defendant diligently moved for a new trial on the ground that the jurors had been thus separated, relying on §§ 1121 and 1128 of the Penal Code of California, counterpart of §§ 260 and 267 of our Code of Criminal Procedure. The new trial was denied and Warwee appealed to the proper District Court of Appeals. The latter set aside the order on appeal and ordered a new trial on the ground, among others, that the apparent acquiescence of defendant's attorney in the protracted separation of the jurors had been the product of the psychological compulsion exercised to the effect by the trial judge both on the district attorney and on the defense attorney.

In *In re Winchester,* 348 P.2d 904, 908, the Supreme Court of California, in bank, in January 1960 (review denied by the Supreme Court of the United States, 80 S.Ct. 1631, 363 U.S. 852, 4 L.Ed.2d 1734), held, among other things, that the question whether the separation of the jury after submission of the case constituted prejudicial misconduct, depended upon the concurring circumstances of each individual case, citing the cases of *People* v. *Weatherford,* 27 Cal.2d 401, 418, 164 P.2d 753; *People* v. *Rushton,* 111 Cal.App.2d 811, 814, 245 P.2d 536.

---

deliberations, and, except as the code allows it, the court cannot permit a separation, even with the consent of the defendant or his counsel. An unauthorized separation of the jury after the submission of the case *is ground for a new trial, but it does not operate as an acquittal or authorize the discharge of the defendant.*" (The case of *People* v. *Hawley,* 111 Cal. 78, 43 Pac. 404, is cited.) (Italics ours.)

Perhaps under the doctrine of *Rivera* v. *Warden*, 80 P.R.R. 800, 824 (Santana Becerra) (1958), notwithstanding the period which elapsed since the verdict and the fact that judgment was rendered, we could have granted a new trial had it been alleged and shown that, considering the circumstances of that separation jointly with the other circumstances and factors therein present, the verdict of guilty had been the product of a whole situation which was repugnant to those fundamental principles of liberty and justice underlying a trial by an impartial and fair jury.

The judgment on appeal, rendered by the Superior Court, Humacao Part, on November 8, 1963, will be affirmed.

