Caldwell, J.
The simple question, arising on this record, is whether a promise of indemnity of this kind is valid ?
The general rule on the subject is, that agreements to perform, or indemnify for the performance of, unlawful acts, are void. Another rule,' of a kindred character, is, that there can be no contribution between wrong-doers.
There are, however, exceptions to these rules, where a contract of indemnity has been held good, notwithstanding the act done, which formed the consideration, was illegal, and the person doing it liable to the party injured, on the ground that the party doing the act did not know of its illegality, and might reasonably have believed it to be legal.
It is contended by the plaintiff’s counsel that this case comes within the exception, and we have been referred to a number of cases which are said to be analogous to the present; where the *86 contract for indemnity was held to be valid. We think, how ever, that none of the cases referred to are similar to the present one.
The case of Coventry v. Barton, 17 Johns. Rep. 144, is relied on. That was a case where the person indemnified was called on by the overseer to work on the highway, and ordered to remove a gate that stood across the road, and a promise of indemnity was given him by the overseer. On a recovery against him in trespass, he was permitted to recover on his contract of indemnity against the overseer. That case differs from the present one in this, that it was a trespass to property, whereas this was a direct assault on the person; that was a case where the person committing it, at the time was engaged in doing (what he was told to do, to wit,) work on the roads, under the direction of the overseer, who was supposed to know what was to be done, and who, for the time being, had the right to control his labor. The same may be said of the most of the cases cited. They are cases of trespass to real property, where the person committing the trespass, and receiving the indemni ty, was engaged in his usual occupation under the direction of the person who indemnified him.
The case of Fletcher v. Harcourt, however, is said by counsel to be strictly analogous to the present. That was the case of an innkeeper who kept in his inn during the night, a prisoner who was brought to his house by the sheriff, who had arrested him on a commission of rebellion, the sheriff promising to indemnify him. On a recovery had by the prisoner against the innkeeper for false imprisonment, it was held that he could recover against the sheriff on his promise.of indemnity. Although a false imprisonment may be supposed to contain an assault on the person, it does not necessarily imply the use of actual force. In this case the innkeeper did not assist in the first instance in depriving the prisoner of his liberty — he had nothing to do with the arrest, but in the course of his business a prisoner is brought to his house. His business compels him to keep such persons as stop at his house; it is his duty to keep prisoners as *87 well as others, who must have some place to lodge, and who have to receive the necessaries of life in their transit from one point to another. Humanity, if nothing else, would require the innkeeper to receive him.
We have seen no case where it has been held that a contract to deprive a person of his liberty, in the first instance, or to commit an actual assault on the person, where such arrest or assault was illegal, has been held to be binding. We do not suppose that such case comes within the rule, except in cases where the person committing the arrest is an officer whose duty it is, in a proper case, to arrest persons, and who acts by some supposed legal authority.
We do not think that the fact that the plaintiff in this case acted under the direction of a justice will at all avail him for doing an illegal act. Most of the tyranny and cruelty that has been practiced in the world over the persons and property of men, has been done under some kind of official sanction. I could much sooner sympathize with a person that had committed an illegal act on his own responsibility, than with one who did it because he had the backing or countenance of official power. If a person (as the plaintiff in this case did) commits an assault on another, either for the purpose of depriving him of his liberty, or to hold him in custody after he has been taken prisoner, he should be satisfied that such interference is legal, otherwise he should heed the consequences.
We think that this contract of indemnity comes under the general rule that a contract to do an illegal act is void; and therefore affirm the judgment of the supreme court.