Day, J.
It is claimed, on several grounds, that the court erred in overruling the motion for a new trial; but the view we take of the ease renders it unnecessary for us to consider but one of them. After the jury were charged by the court, and before they had agreed upon a verdict, one of the jurors absented himself from the jury and obtained a drink of whisky at a saloon. These facts were not disputed or in any manner explained. Do they show misconduct of the juror; and if so, was it such as entitled the prisoner to a new trial?
Section 164 of the code of criminal procedure, as amended in 1871, requires the jury, after the case is finally submitted to them, to be kept together until they agree upon a verdict, or are discharged by the court. Moreover, the jury were instructed by the court not to separate until they were discharged. The juror disregarded both the requirement of the statute and the instruction of the court, and separated himself from the jury. Nor does it appear that his separation was momentary only, or for any necessary or excusable reason. On the contrary, it was for the *490 purpose of procuring and drinking intoxicating' liquor. This conduct of the juror, unexplained, can not be regarded otherwise than reprehensible. Was it such misconduct as entitled the prisoner to a new trial ? This, under section 192 of the code of criminal procedure, depends upon whether it affected materially his substantial rights.
Section 164 of the code of criminal procedure, as amended in 1871, adopts section 268 of the code of civil procedure, in requiring the jury to be kept together after the case is finally submitted, to them, except that it does not, like the latter, leave it discretionary with the court, to permit the jury to separate temporarily, at night, and at their meals, before they have agreed upon a verdict. This significant omission in the code of criminal proceedure, then, leaves the law, in that respect, to stand now, by statutory enactment, as it did before the passage of the code.
In Parker v. State, 18 Ohio St. 88, before the enactment of the criminal code, it was held to be error for the court to permit the jury, in a criminal case, to separate and go to their meals during their deliberations, and that for such error the prisoner was entitled to a new trial. It was said in that case that it was not to be left to the “ arbitrary discretion of the court,” whether the prisoner should “have the benefit of those established rules, which have been regarded as important in the due administration of justice, and as necessary safeguards against the operation of improper extraneous influences.”
Those rules or rights secured by law to the prisoner must surely be considered substantial which are regarded, both by judicial decisions and legislative enactment, as too sacred to be invaded by the discretion of the court. If the court may not permit the jury to separate for their meals, during their deliberations, for the same reason the jury can not do so upon their own inclination ; and if they can not separate for their meals, much less can they for the purpose of imbibing ardent spirits. Por the same reason that the whole jury are required to be kept together, one of their number can not be allowed to absent himself from his fellows; for *491 that can not be permitted without opening the door to the evils provided against by the statute.
It is but reasonable to presume that the legislature prohibited the separation of the jury after the case was finally submitted to them, in the trial of criminal cases, for good and substantial reasons. Nor can we suppose that jurors were subjected to this inconvenience, unless it was regarded as an essential security to the rights of the prisoner. At all events the statute secured to him the right of having the jury kept together, and excluded from all improper extraneous influences during their deliberations. This was a substantial right, whi-ch materially affected his interests. The statute was intended to secure a prisoner from the hazard of having the jury subjected to influences prejudicial to him. Nor is.the security thus afforded made to depend upon the difficult task of proving, when the jury have separated, that he has been prejudiced thereby; for, from the nature of the case, it might be impossible to be shown otherwise than by the jurors themselves, who, for reasons of public policy, are in general only competent as witnesses to sustain, and not to invalidate their verdict.
But in this case the juror separated from his fellows for the very purpose of doing that which subjected him, to say the least, to that which was deleterious and prejudicial in its character. It was said of old that “ the priest and the prophet have erred through strong drink,” and that thereby “they stumble in judgment.” The danger that strong drink might occasion equally deleterious results upon a juror, affords a reason why the rights of the accused ought not to be jeopardized thereby. . Nor does the fact that the juror left and drank in company with the officer having charge of the jury lessen the danger incurred, or mitigate his conduct.
The defendant in a criminal case has an undoubted right to have the cool, dispassionate, and unbiased judgment of each juror applied to the determination of the issues of the case. For this reason, by section 184 of the criminal code, as amended in 1872, it is made a cause of challenge to a *492 juror that he is an habitual drunkard. The incapacity thus provided against might easily find its way to the jury-room, if jurors were permitted at their pleasure to Rave their retirement during their deliberations, for the purpose of visiting drinking saloons; and all certainty that the prisoner had not been thereby prejudiced would be lost.
By reference to the cases cited in argument, it will be seen that there is a conflict as to whether the mere fact of drinking ardent spirits by a juror is sufficient ground for a new trial. But without deciding that question, we do hold that the separation of a juror from his fellows, after the case has been finally submitted, and before they have agreed upon a verdict, for the purpose of obtaining and drinking intoxicating liquors, wrhen not explained or shown to be excusable, is such misconduct of the juror as will entitle the prisoner to a new trial. For this reason the court erred in not granting a new trial, and the judgment must be reversed. We are not, therefore, under the necessity of passing upon the other questions in the case, as they will not necessarily arise upon a uew trial. It is to be hoped, however, that the next trial will not leave so strong au apprehension as the last, that the administration of justice has been contaminated by au unwarranted use of intoxicating drinks.