Marshall, C. J.
The first assignment of error to be considered relates to the admonitions of the court to the jury at the time of the adjournments. The duty of the court to admonish the jury, and the substance of the admonition to be given, are governed by Section 13688, General Code, and that part which relates to the errors complained of is as follows:
“If the jurors are permitted to separate during the trial, they shall be admonished, by the court, not to converse with, nor permit themselves to be addressed by, any person, nor to listen to any conversation on the subject of the trial, nor form or express an opinion thereon, until the cause is finally submitted to them.”
Comparing this language with the admonitions referred to in the statement of facts it will easily be seen that the court did not fully or even approximately meet the requirements of the section. Inasmuch as the record which is presented to this court does not show that an exception was allowed, the *41 question arises whether such an exception is necessary and whether the duty enjoined by Section 13688, General Code, is of so peremptory a nature that the mere omission to fully comply with the same, where no prejudice is shown, or substantial rights affected, is reversible error without exception being reserved and without counsel having called the attention of the court thereto.
. Applying the provisions of this section to the facts herein stated the question at once arises whether the provisions of the section are mandatory, and whether it is necessary for counsel for the accused to request such admonishment, and, in the event of refusal, to except and have such exception allowed.
It must be conceded that the language of the section is peremptory and it must be further conceded that if the attention of the court had been called thereto there was a clear duty to admonish the jury, and that such admonition should include all of the elements of the section above quoted, and that a failure to do so on request would be an irregularity in the proceedings of the court which would be grounds for a new trial. It may further be conceded that in the event instructions had been given to the jury and such instructions disregarded by the jury, or even without the court having admonished the jury, if the jury in fact had been indiscreet in conversing with other parties or listening to the conversation of others, or had in fact formed and expressed an opinion upon the merits of the case prior to submission, any of these things would show such irregularity as would be the proper basis for a presumption of prejudice and therefore grounds for a new trial. It does- not follow, however, that there has been a *42 transgression of his substantial rights from the mere failure to give a proper admonition, in the absence of a request on the part of the accused or his counsel and without the attention of the court having been called thereto, and in the absence of any showing or even suspicion of misconduct on the part of the jury.
Our attention has been called in argument to several former decisions of this court which are deserving of notice. In the case of Farrer v. State, 2 Ohio St., 54, there was actual misconduct of the jury of such a nature as in the opinion of the majority of the court warranted a new trial. The misconduct in that case consisted in obtaining a summary of the court’s eharge before the case was submitted, and in reading and studying the same during their deliberations, and also in conversing with outsiders as to the progress of their deliberations. In the case of Weis v. State, 22 Ohio St., 486, there was actual misconduct, in that one of the jurors during the deliberations left the court room and obtained intoxicating liquor and drank the same. In passing upon that proposition the court based the decision upon the fact of misconduct, and also significantly discussed the particular character of the misconduct. In Kent v. State, 42 Ohio St., 426, there was misconduct of the jury, it being shown that while the jury were deliberating, one juryman had made statements of fact to his fellow jurors alleged to be within his own knowledge, contradicting in an important particular the testimony of one of the defendant’s witnesses, and this was held to be such misconduct as would require a new trial. In the case of Parker v. State, 18 Ohio St., 88, it was held reversible error to permit the jury to separate after the cause was submitted, *43 even though counsel for the prisoner consented thereto. If the declarations in that case should be held to be sound at this time, it must be regarded as an authority entitled to great weight in the instant case, because it will be found that the provision requiring the jury to be kept together after submission is contained in Section 13688, General Code, and is couched in the same peremptory language as that portion of the section hereinbefore quoted. We do not think, however, that that case is consonant with the modern doctrine of disregarding those technical rules and irregularities which do not materially affect the substantial rights of the defendant. That case was decided at the December, 1868, term of this court, and before the criminal code had been enacted. The criminal code was enacted May 6, 1869, and in Section 192 of that code, now Section 13745, General Code, statutory provision was for the first time made for specific grounds of new trial in criminal cases, and the law was then enacted as it has ever since existed that a new trial may be granted on the application of the defendant “for any of the following causes affecting materially his substantial rights.” So far as we can discover this question has not since 1868 been argued in this court, and if that question was presented in the instant case we would refuse to be bound by the authority of Parker v. State, supra. We are compelled to make this comment, because it must be conceded that the principle in that case is identical with ’the principle in the case at bar. Whether this court would have so decided the case of Parker v. State if the court had been limited to only those reasons “affecting materially his substantial rights” we can not say at this time, but we do *44 have the right to say that this court would not at this time so decide. The error complained of in the matter of the admonishment is undoubtedly such irregularity as would properly be classed within the first branch of Section 13745, General Code, which enumerates among other grounds “irregularity in the proceedings of the court.” It is noteworthy that when a motion for new trial was filed in this case in the court of common pleas, this ground for new trial was not specifically stated, from which it is inferred that it was not deemed to be of such character as would materially affect the substantial rights of the defendant.
Other cases decided by this court were cited, and a large number of cases decided in other states, all of which calls for special commendation of the industry of counsel in presenting the authorities both pro and con, but we do not think the other authorities cited, and which we have not taken the space to discuss, will be found helpful in reaching the proper conclusion in this case. It is proper to reiterate what has recently been stated in an opinion published in this court that under modem practice in criminal cases it is not so much a question of what prejudice might be inferred from irregularities, ‘omissions and technical errors, but rather a question what error has probably intervened as shown by the record.
The second assignment of error which we will consider is that relating to alleged error in the charge of the court upon the subject of proximate cause. We will quote a portion of the charge complained of: “If you are convinced that he violated all three *45 provisions of the law I have enumerated to you, or either of them, your next inquiry will be, was his violation of law in all or either of the respects enumerated to you, if you find that he violated all or either of these provisions, was his violation of law the proximate cause which resulted in the death of William Brett? What does the law mean by proximate cause? By that it means the direct and efficient cause. In order that it may be regarded as the proximate cause it must be found by evidence which convinces beyond a reasonable doubt, that were it not for his, the defendant’s violation of law in either or all respects enumerated here, the collision resulting in the death of William Brett would not have occurred. And unless you so find beyond a reasonable doubt, the defendant can not be convicted of this charge. It is not enough to show that he violated one or more provisions of the law relating to the driving of motor vehicles. It must also be shown by evidence convincing to you beyond a reasonable doubt, that the violation of law on his part was the circumstance but for which the collision resulting in the death of William Brett would not have occurred. If you find that the cause of that collision was not the violation of law on the part of this defendant, but it was some other cause, the defendant could not be held on the charge of manslaughter. If yo%b should find from the evidence that a circumstance beyond the control of this defendant was the proximate ccms'e of the collision which resulted in the death of William Brett, and not a violation of lano on the part of this defendant, it shall be your duty to acquit him.”
*46 Even if this portion of the charge should be considered entirely separate and apart from any other instructions contained in the charge, we would be compelled to say that standing alone it fairly instructs the jury upon the subject of proximate cause as applied to this case. The part above quoted clearly sets forth the necessity of finding beyond a reasonable doubt that a statute law of the state had been violated in some respect, and further the jury must find beyond a reasonable doubt that there was such causal relation between the unlawful act of the defendant and the injury and death of the decedent that except for the unlawful act the injury and death would not have occurred. The charge also made it clear, as shown by the above language which we have italicized, that the jury were warned against a verdict of guilty in the event it should appear that the injury and death were the result of unavoidable accident. In the above-quoted portion of the charge, proximate cause was defined as meaning the direct and efficient cause. It seems to us that that language alone ought to have been sufficient, and it seems further that the additional instruction did not in any wise cloud that concise definition. A careful examination of the whole charge shows that the jury were very clearly instructed concerning their duties. The bill of exceptions in this case does not contain all the testimony, and we would not feel justified in any event in entering into an analysis or even a lengthy discussion of the court’s charge without a complete record of the testimony to which the charge must be applied. It is sufficient to say that we have found no prejudicial error in this case, or any error materially affecting the substantial rights *47 of the accused, and the judgments of the court of appeals and the court of common pleas will therefore he affirmed.

Judgments affirmed.

Johnson, Hough, Wanamaker and Jones, JJ., concur.