HEPP *v.* THE STATE OF OHIO.

(Decided October 18, 1933.)

Mr. *Donald W. Seiple,* for plaintiff in error.
Mr. *George N. Graham,* prosecuting attorney, for defendant in error.

LEMERT, J. Plaintiff in error, Raymond Hepp, was convicted in the court of common pleas of Stark county, Ohio, for the offense of burglary and larceny. The trial of the defendant began on the morning of May 25, 1933, and the case was submitted and the jury began its deliberations early in the afternoon of the same day. At the hour of 5 p. m., the jury had not yet reached a verdict, whereupon the court called the jury to the courtroom, gave them the usual caution, and discharged them with instructions to reassemble on the following morning and resume their deliberations. Thus the jurors were permitted to separate and go to their homes during the adjournment of court over night.

On the following morning, the jury reassembled and resumed their consideration of the case, and subsequently found the defendant guilty. Motion for new trial was overruled, and defendant below now claims error. The only question involved in this case is one of procedure, arising from the act of the trial court in discharging the jury after the cause had been submitted to the jury, and before a verdict had been reached, without placing them under the supervision of an officer.

Section 13448-1 of the General Code of Ohio provides as follows:

"When a cause is finally submitted, the jurors must be kept together in a convenient place, under the charge of an officer, until they agree upon a verdict, or are discharged by the court. Provided, that, at any stage of the trial, or after submission, the court may, at its discretion, permit the jurors to separate during the adjournment of court over night, under proper cautions *and supervision of an officer*. Such officer shall not permit a communication to be made to them, nor make any himself, except to ask if they have agreed upon a verdict, unless by order of the court; nor shall he communicate to any person, before

the verdict is delivered, any matter in relation to their deliberation.''

In considering the above statute we believe that the same is plain, clear, and unambiguous and means just what it says, and that the same should be strictly construed, and we believe that an accused is entitled to the full protection provided in said section. It is admitted that, after the jury had deliberated some two or three hours or more, they were permitted to separate and go to their homes without being under the supervision of an officer. We are of the opinion that the defendant below was deprived of a statutory right.

12 Ohio Jurisprudence, 606, Section 587, provides that:

''The cause is held to be finally submitted to the jury at such time as the court directs them to enter upon their deliberations, and not necessarily at the conclusion of the charge of the Court to the jury. It is error in the Court to permit them to separate and go to their meals without supervision, during their deliberation, even though counsel for the defendant consent to such separations. The accused should not be prejudiced even by a personal consent, given under such circumstances that it could not be withheld except at the risk of exciting unkind feelings in the breasts of the jurors who held his fate in their hands.''

In the case of *Parker* v. *State,* 18 Ohio St., 88, it is held:

''After the jury have retired to consider of their verdict, in a criminal case, they should be kept together until they agree on a verdict, or are discharged. It is error in the court to permit them to separate and go to their meals without supervision, during their deliberation; even though counsel for the defendant consent to such separations.''

34 A. L. R., 1213:

''Under the law in many states, however, there is a marked difference in a felony case between the dis-

persal of the jury during the progress of the trial and a dispersal after the final submission of the cause; the rule being that the court is without the power to permit a dispersal while the jurors are deliberating on their verdict, where the prosecution is for a felony.''

It is contended by the defendant in error that the Supreme Court of Ohio, in *Warner* v. *State*, 104 Ohio St., 38, 135 N. E., 249, overrules the case of *Parker* v. *State*, 18 Ohio St., 88. With this contention we do not agree. In *Warner* v. *State*, 104 Ohio St., 38, 135 N. E., 249, the court held:

''The failure by a court to perform its statutory duty of admonishing the jury concerning their conduct while separated during the trial, does not constitute reversible error, where it is not shown that the jury were in fact guilty of misconduct or indiscretions and where it further appears that counsel for plaintiff in error observed the omission and did not call the attention of the court thereto.''

The question decided in that case was on the matter of admonishing the jury from time to time during the progress and trial of the case and before the case was finally submitted to the jury for their deliberations.

The Supreme Court, in deciding the case of *Warner* v. *State*, commented upon and considered Section 13688, General Code, as it then existed (109 Ohio Laws, 57) and we find upon an examination of Section 13448-1 of the General Code that the distinction in the two sections is that Section 13688 deals with the right of a trial court to permit jurors to separate during the trial, and makes it mandatory that the jurors shall be admonished by the court not to converse with, or be addressed by, any person, nor to listen to any conversation on the subject of the trial or form or express any opinion thereon until the case is finally submitted to them, while the above provision is absent in Section 13448-1.

We are therefore of the opinion that the substantial rights and statutory rights of the defendant below were prejudiced by the procedure had in the instant case.

It therefore follows that the finding and judgment of the court below will be reversed, and the cause remanded to that court for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and MONTGOMERY, J., concur.